**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

AUG 2 9 2013

CHRIS R. JOHNSON, Clerk
By

Deputy Clerk

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
       Plaintiff, )   CIVIL ACTION NO.
)
)   *13-2206*
v. )
)
)   <u>JURY TRIAL DEMAND</u>
RANDALL FORD, INC. )
)
       Defendant. )

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (ADA), as amended by the Americans with Disabilities Act Amendment Act of 2008 (ADAAA), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Doyle Martin who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission (Commission) alleges that Randall Ford, Inc. failed to provide a reasonable accommodation to Doyle Martin and discharged him because of his disability.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights

Act of 1964 ("Title VII"), 42 U.S.C. §§2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The unlawful employment practices alleged below were and are now being committed in the Western District of Arkansas, Fort Smith Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (Commission), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1).

4. At all relevant times, Defendant Randall Ford, Inc. (Defendant Employer), has continuously been an Arkansas corporation doing business in the State of Arkansas and the City of Fort Smith and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of §101(5) of the ADA, 42 U.S.C. §12111(5), and Section 107(7) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS OF CHARLES GRAMS

7. More than thirty days prior to the institution of this lawsuit, Doyle Martin (Martin) filed a charge with the Commission alleging violations of Title I of the ADA and the ADAAA by Defendant Employer. All conditions precedent to the institution of this

2

lawsuit have been fulfilled.

8. Since at least June 2012, Defendant Employer has engaged in unlawful employment practices in violation of Title I of the ADA, Sections 102(a), 102(b)(1), 42 U.S.C. §§12112(a), and 12112(b)(5)(A) at its Fort Smith, Arkansas location.

9. These unlawful practices include, but are not limited to, Defendant Employer's failure to provide a reasonable accommodation to Martin and discharging him because of his disability.

a. Defendant Employer is a Ford Motor Company dealership located in Fort Smith, Arkansas.

b. in March of 2011, Defendant Employer hired Martin as its Used Car Manager for its Fort Smith, Arkansas location.

c. As part of Martin's hiring package, Defendant Employer provided Martin with the use of a demo vehicle to drive for his personal use.

d. As part of his job duties, Martin purchased used vehicles for the dealership based on the inventory needs of the dealership.

e. In March of 2012, Martin purchased 39 used vehicles at auction to replenish the dealership's low inventory of used vehicles.

f. On or about June 21, 2012, Martin took a medical leave of absence to have spinal surgery to remove a mass on his lower spine.

g. As a result of the surgery, Martin is substantially limited in his ability to walk and stand. Martin requires the assistance of a walker for balance and for assistance in walking.

h. Prior to his leave of absence, Defendant Employer had never disciplined Martin for any reason.

3

i.      Defendant Employer used other managers at the dealership to perform Martin's duties during Martin's absence.

j.      On or about July 24, 2012, Martin reported to the dealership and met with Owner Randall and Controller Newton to apprise them of his condition and prognosis even though Martin had not yet been released by his doctor to return to work.

k.      At the July 24th meeting, Martin told Randall and Newton of his limitations in walking and standing and of his suggestions for an accommodation.

l.      Martin's suggested accommodations were the use of a golf cart when necessary to go long distances on the used car lot and assistance when testing driving trade-ins for Martin to assess the trade- in value.

m.      At the July 24th meeting, Defendant Employer presented Martin with a written warning report for his purchase of the 39 used vehicles and for his use of a "new" demo vehicle instead of a "used" demo vehicle.

n.      Defendant Employer had never previously told Martin to drive a "used" demo vehicle, nor had Defendant Employer previously indicated any problem to Martin regarding his purchase of the 39 used vehicles.

o.      Following his surgery Martin was diagnosed with peripheral neuropathy. Martin's condition interferes with the nerves connecting his lower back to his legs, and as a result, he is substantially limited in the major life activities of standing and walking.

p.      Martin is a qualified individual with a disability under the ADA and ADAAA who can perform the essential functions of the used car manager's position with a reasonable accommodation.

q.      Defendant Employer failed to reasonably accommodate Martin when it failed to enter into any discussion with Martin to determine the feasibility of Martin's

4

suggested accommodations.

r.      Defendant Employer terminated Martin's employment on August 3, 2012.

10.    The effect of the practices complained of in paragraphs 8 through 9 above has been to deprive Martin of equal employment opportunities and otherwise adversely affect his status as employee because of his disability.

11.    The unlawful employment practices complained of above were intentional.

12.    The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Martin.

## STATEMENT OF NOTICE POSTING VIOLATION

13.    Since at least June of 2012, Defendant Employer has failed, in violation of Section 105 of the ADA, 42 U.S.C. § 12115, which incorporates by reference Section 711(a) of Title VII, 42 U.S.C. § 2000e-10(a), to post and keep posted notices which have been prepared or approved by the Commission setting forth excerpts from or summaries of the pertinent provisions of the ADA and information pertinent to the filing of a charge or complaint.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to accommodate employees with disabilities.

B.      Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from terminating an employee because of his disability and/or need for a reasonable accommodation.

C.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for Martin and other qualified individuals with disabilities, and which eradicate the effects of past and present unlawful employment practices.

D.    Order Defendant Employer to make whole Martin by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E.    Order Defendant Employer to make whole Martin by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the above paragraphs, including medical expenses and job search expenses in amounts to be determined at trial.

F.    Order Defendant Employer to make whole Martin by providing compensation for past and future nonpecuniary losses, including emotional pain, suffering, inconvenience, and mental anguish resulting from the unlawful employment practices described in the above paragraphs in amounts to be proven at trial.

G.    Order Defendant Employer to pay punitive damages for its malicious and/or reckless conduct, resulting from the unlawful employment practices described in the above paragraphs in an amount to be determined at trial.

H.    Order Defendant Employer to create an ADA policy.

I.    Order Defendant Employer to post and keep posted the notices required by Section 105 of the ADA, 42 U.S.C.§12115, which incorporates by reference Section 711(a) of Title VII, 42 U.S.C. §2000e-10(a).

J.    Grant such further relief as the Court deems necessary and proper in the

public interest.

      K.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

      The Commission requests a jury trial on all questions of fact raised by the Complaint.

                  Respectfully submitted,

                  **P. DAVID LOPEZ**
                  General Counsel

                  **GWENDOLYN YOUNG REAMS**
                  Associate General Counsel

                  **FAYE A. WILLIAMS**
                  Regional Attorney
                  TN Bar No. 11730

                  **JOSEPH CROUT**
                  Supervisory Trial Attorney
                  TN Bar No. 012957

                  EQUAL EMPLOYMENT
                  OPPORTUNITY COMMISSION
                  1407 Union Avenue, Suite 901
                  Memphis, TN  38104
                  Telephone:  (901) 544-0136

                  **PAMELA B. DIXON**
                  Senior Trial Attorney
                  AR Bar No. 95085

                  EQUAL EMPLOYMENT
                  OPPORTUNITY COMMISSION
                  820 Louisiana St., Ste. 200
                  Little Rock, AR  72201
                  Telephone:  (501) 324-5065
                  pamela.dixon@eeoc.gov