IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
NOV 0 4 2014
BY CHRIS R. JOHNSON, CLERK
DEPUTY CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:13-CV-02206 ) |
| RANDALL FORD, INC. | ) ) |
| Defendant. | ) ) ) ) |
| DOYLE MARTIN | ) ) |
| Intervenor | ) ) |

## CONSENT DECREE

### INTRODUCTION

Plaintiff Equal Employment Opportunity Commission (Commission) and Defendant Randall Ford, Inc. (Defendant) enter into this Consent Decree (Decree) to resolve this case.

The Commission instituted this action on behalf of Doyle Martin. The Commission alleged in its Complaint that Defendant failed to accommodate Martin, who is substantially limited in his ability to stand and walk, and then terminated his employment, all in violation of Title I of the Americans with Disabilities Act of 1990 (ADA) as amended by the ADA Amendments Act of 2008 (ADAAA) and Title I of the Civil Rights Act of 1991.

Doyle Martin intervened in this action on December 18, 2013.

Defendant denies the allegations of the Commission and Martin that it engaged in any unlawful employment practices in violation the ADA or the ADAAA or Title I of the Civil Rights

1

Act of 1991.

This Decree does not constitute a finding on the merits of the case and does not constitute an admission by Defendant of the allegations in the Complaints or the Amended Complaints. This Decree constitutes the complete and exclusive agreement between the Commission and Defendant with respect to the matters referred to herein. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing and signed by all parties. The parties have made no representations or inducements to compromise this action other than those recited or referenced in this Decree.

The Court has reviewed the terms of the proposed Decree in light of the applicable laws and regulations and the statements and representations of counsel for all parties and hereby approves and enters the Decree.

Therefore, it is hereby **ORDERED, ADJUDGED AND DECREED**:

## I. JURISDICTION

1. The United States District Court for the Western District of Arkansas, Fort Smith Division, has jurisdiction over the parties and subject matter of this litigation.

## II. SCOPE AND DURATION OF DECREE

2. This Decree resolves all issues raised in or related to Charge No. 493-2013-0023 filed by Doyle Martin, which created the procedural foundation for the Commission's Complaint in this case.

3. After the Court enters this Decree, the terms and provisions of the Decree become effective immediately and binding on the parties for 18 months from the date of entry, which shall be considered the entry of this Decree.

## III. INJUNCTIVE RELIEF

4. Defendant is enjoined from any employment practice prohibited by Title I of the ADA, including failing or refusing to provide reasonable accommodations to a qualified employee with a disability or terminating such an individual because he or she has a disability or because of the need to provide a reasonable accommodation

5. Defendant is enjoined from failing to engage in the interactive process with any employee who requests an accommodation in connection with his or her disability.

6. Defendant is enjoined from retaliating against any employee for participating in any proceeding under the ADA or for otherwise opposing discriminatory practices made unlawful under Title I of the Americans with Disabilities Act of 1990 (ADA) as amended by the ADA Amendments Act of 2008 (ADAAA).

## IV. GENERAL RELIEF

7. Within 45 days of entry of this Decree, Defendant will revise its written ADA policy to include the following:

   a. The name and contact information of an ADA official to whom all requests for a reasonable accommodation may be directed;

   b. A detailed explanation of the process by which an employee requests a reasonable accommodation;

   c. The time frame in which the ADA official will respond to an employee's request for a reasonable accommodation;

   d. If the accommodation is not granted, Defendant will provide an explanation to the employee which shall inform the employee of (i) the reason(s) the employee's accommodation is not granted (including, if Defendant determines that the accommodation would be an undue

3

hardship, a justification of that determination), and (ii) either an explanation of any alternative accommodation that will be offered instead or else the reason(s) no accommodation will be offered and justification for any undue hardship determination by Defendant.

8. Defendant will engage in an interactive process to determine if it can grant a reasonable accommodation to the employee.

9. The revised written ADA policy implemented by Defendant shall include a statement that Defendant does not discriminate against employees because of their disabilities and does not tolerate or condone disability discrimination.

10. Within 60 days of entry of this Decree, Defendant will disseminate a copy of its revised ADA policy to all employees.

11. Within 75 days of entry of this Decree, Defendant will require all employees to read the company's revised ADA policy and to sign an acknowledgment of receipt of the policy.

12. Defendant will retain a copy of the signed acknowledgement in each employee's permanent personnel file.

13. Whenever Defendant hires a new employee, Defendant will provide a copy of the policy for the employee to review and sign.

14. At the next revision and printing of Defendant's handbook, Defendant will include its new revised ADA policy in the handbook.

### V. TRAINING

15. Within 90 days of the entry of this Consent Decree, Defendant shall provide the Commission with a copy of the training materials and related documentation it intends to use for ADA and ADAAA training.

16. Defendant will conduct training within 120 days of the entry of the Decree for all employees.

17. Defendant will retain a qualified consultant having specialized knowledge of the ADA, the ADAAA, and retaliation to conduct a two hour training session (or two one hour training sessions) to all employees on its new revised ADA policy.

18. The training will focus on the following:

    a) Defendant's revised policy prohibiting disability discrimination;

    b) The factors Defendant will consider in making an individualized assessment of any employee who requests a reasonable accommodation;

    c) Retaliation;

    d) The ADAAA and the changes these amendments made to the ADA;

    e) Leave as a reasonable accommodation; and,

    f) Other EEO laws covered by the Commission's jurisdiction.

19. At the commencement of the training session, Owner Brad Randall will appear and announce that Defendant supports the ADA and ADAAA and will comply with it in all respects. Mr. Randall will then remain in attendance for the remainder of at least one of the training sessions.

20. Defendant shall maintain proof of attendance for each person trained pursuant to Paragraphs 16-19.

## VI. INDIVIDUAL RELIEF

21. To resolve this matter, Defendant will pay Doyle Martin a total of $128,750 and allocate the payment in the following manner:

    a) Defendant will pay Doyle Martin $31,750 in back pay. Defendant will

        withhold all applicable taxes and issue Martin a W-2 form. Defendant is responsible for the employer's share of State and Federal withholding, as applicable, for the payment amount pursuant to this paragraph that is designated as back pay.

    b)     Defendant will pay Martin $97,000 in compensatory damages, which sum includes Martin's attorney's fees and costs.

    c)     Defendant will issue Martin a 1099 form for the compensatory damage amount.

    d).     Defendant will issue all checks within 21 days of the entry of this Decree.

22.     The Commission shall subject late payment of checks to the accrual of interest at a daily rate of $25.00 or 0.1% of the unpaid amount, whichever is greater.

23.     Defendant shall email photocopies of the front and back of all checks issued to Martin to the attention of Senior Trial Attorney Pamela Dixon at pamela.dixon@eeoc.gov.

## VII. POSTINGS AND POLICIES

24.     Within 30 days of the entry of this Decree, Defendant will post Attachment A and keep it posted for 18 months in a conspicuous place Defendant customarily post notices to employees.

25.     Defendant will post and cause to remain displayed the poster required by Section 105 of the American with Disabilities Act, 42 U.S.C. § 12115.

## VIII. REPORTING

26.     Defendant will submit to the Commission two reports containing the following:

    a)     The name and contact information of each employee who requests an accommodation during the relevant time frame;

6

    b)    The nature of the requested accommodation and whether or not Defendant granted reasonable accommodation;

    c)    If Defendant did not grant the accommodation, Defendant will provide a complete statement of any individualized assessment it conducted in connection with the request and reason for the denial, as well as a description of any alternative accommodation that was offered and a complete statement of the reason(s) that accommodation was offered; and

    d)    Defendant will list all records considered by Defendant in connection with the request for accommodation. Defendant will retain all records required under this Decree for the entire time the Decree is in effect.

27. Defendant shall submit the first report 12 months after the entry of this Decree. The first report will also include a statement that Defendant satisfied the requirements pursuant to Paragraphs 7-10 and 16 20.

28. Defendant shall submit the second and final report 17 months after the entry of this Decree.

29. Defendant will submit these reports to the attention of Senior Trial Attorney Pamela Dixon at pamela.dixon@eeoc.gov with a statement identifying such report as being submitted pursuant to this Decree.

30. When this Decree requires Defendant to submit reports, certifications, notices, or other materials to the Commission, Defendant will email them to pamela.dixon@eeoc.gov or mail them to her address below.

### IX. NOTIFICATION OF SUCCESSORS

31. Defendant shall provide prior written notice to any potential purchaser of

Defendant's business, a purchaser of all or a substantial portion of Defendant's assets, or to any other potential successor, of the Commission's lawsuit, and the existence and contents of the Decree.

## X.  ENFORCEMENT

32. If Defendant fails to comply with the terms of this Decree, in whole or in part, the Commission has a right to enforce the obligations under the Decree.

33. The Commission will provide fourteen days' notice to Defendant of any deficiency in complying with the terms of the Decree.

34. If the parties are unable to reach agreement regarding resolution of any such deficiency in Defendant's compliance with the terms of the Decree, the Commission will then have the option of petitioning the Court for relief.

## XI.  COSTS

35. Each party will bear its own costs, attorneys' fees, and expenses.

*P. K. Holmes*

P. K. HOLMES, III
CHIEF U. S. DISTRICT JUDGE

DATE: 11-4-2014

| Counsel for Plaintiff | Counsel for Defendant |
|---|---|
| P. DAVID LOPEZ<br>General Counsel | s/Regina A. Young<br>**REGINA A. YOUNG** |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | WRIGHT, LINDSEY, & JENNINGS LLP<br>200 West Capitol Avenue, Suite 2300<br>Little Rock, AR  72201<br>(501) 371-0808<br>ryoung@wlj.com |
| s/Faye A. Williams<br>**FAYE A. WILLIAMS**<br>Regional Attorney | |
| EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION<br>Memphis District Office<br>1407 Union Avenue, Suite 901<br>Memphis, Tennessee<br>(901) 544-0133 | |
| s/Pamela B. Dixon<br>**PAMELA B. DIXON**<br>Senior Trial Attorney | |
| EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION<br>Little Rock Area Office<br>820 Louisiana Street, Suite 200<br>Little Rock, Arkansas<br>(501) 324-5065 | |